# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2025

Lyle W. Cayce
Clerk

No. 24-10358
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE ROGELIO CANO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-185-8

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Jose Rogelio Cano on one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and one count of aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine. Cano appeals, asserting that the evidence at trial was insufficient to sustain his conviction on either count.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10358

Because Cano preserved his challenge to the sufficiency of the evidence by moving for a judgment of acquittal when the Government rested and again at the close of all evidence, we review his challenge de novo. *See United States v. Bowen*, 818 F.3d 179, 186 (5th Cir. 2016). Even where the review is de novo, review of the sufficiency of the evidence is highly deferential to the verdict. *Id.* The jury "retains the sole authority to weigh conflicting evidence and evaluate the credibility of the witnesses." *United States v. Holmes*, 406 F.3d 337, 351 (5th Cir. 2005) (internal quotation marks and citation omitted). We will uphold the verdict if a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *United States v. Alaniz*, 726 F.3d 586, 600-01 (5th Cir. 2013).

The evidence here, when viewed in the light most favorable to the verdict, was sufficient to sustain Cano's conviction for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine. *See Bowen*, 818 F.3d at 186; *United States v. Vinagre-Hernandez*, 925 F.3d 761, 764-65 (5th Cir. 2019). The Government presented 173 exhibits which included, inter alia, surveillance photos, intercepted phone calls and texts between Cano and coconspirators Willy Rosales and Milton Hinkle, and body camera videos of Cano's traffic stop and subsequent arrest. Law enforcement officers testified regarding their surveillance of Cano on December 12, 2019, and their ultimate recovery of approximately five kilograms of methamphetamine from his vehicle. Hinkle testified regarding Cano's involvement in the methamphetamine trafficking conspiracy and the December 12, 2019 transaction. "[I]t is well-established in this circuit that a defendant may be convicted based upon the uncorroborated testimony of a co-conspirator." *United States v. Rasco*, 123 F.3d 222, 229 (5th Cir. 1997). Here, Hinkle's testimony was corroborated by the intercepted phone calls and texts.

2

No. 24-10358

Finally, although Cano testified that there was no methamphetamine in the bag he retrieved from Rosales on December 12, 2019, that he did not know anything about methamphetamine, that he was only a money runner for Hinkle's poker houses, and that he used the terms "cream" and "ice" in reference to cash and jewelry, the jury—retaining the sole authority to weigh any conflicting evidence and evaluate witness credibility—was not convinced that his testimony was credible, *see Holmes*, 406 F.3d at 351.

The judgment of the district court is AFFIRMED.